UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| EZEQUIEL C. JURADO, GERARDO VELA, GILBERTO LOPEZ, LINO RIOS, LUIS DE LA GARZA, DELFINA NELDA SANCHEZ, SAUL RAMIREZ, AND GILBERT FLORES Plaintiffs, | § § § § § § | |
| V. | § § | CIVIL ACTION NO. 13-262 |
| GUADALUPE "LUPE" TREVIÑO, SHERIFF OF HIDALGO COUNTY, TEXAS, AND HIDALGO COUNTY, TEXAS Defendants. | § § § § § | JURY DEMANDED |

## PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:**

Plaintiffs file their original complaint and jury demand.

### A. Introduction

1.  This is a suit filed pursuant to the provisions of 42 USC §1983 to recover damages and equitable relief in vindication of Plaintiffs' rights of free speech and association and due process guaranteed by the First Amendment, the Fifth Amendment, and the Fourteenth Amendment to the Constitution of the United States, and pursuant to the provisions of 42 USC §1988 to recover attorneys' fees.

### B. Parties

2.  Plaintiffs, EZEQUIEL C. JURADO, GERARDO VELA, GILBERTO LOPEZ, LINO RIOS, LUIS DE LA GARZA, DELFINA NELDA SANCHEZ, SAUL RAMIREZ, and GILBERT FLORES are former employees of Defendant, Hidalgo County, Texas, and worked in the Sheriffs Department of Hidalgo County, Texas.

3. Defendant GUADALUPE "LUPE" TREVIÑO is the Sheriff of Hidalgo County, Texas. He may be found for service of process at 711 E. El Cibolo Road, Edinburg, Texas 78542.

4. Defendant HIDALGO COUNTY, TEXAS is a local governmental entity, organized and existing under the law of the State of Texas. Service of process may be delivered to its Chief Executive Department, County Judge Ramon Garcia at 302 W. University Drive, Edinburg, Texas 78539.

### C. Jurisdiction and Venue

5. This court has jurisdiction of Plaintiffs' claims pursuant to the provisions of 28 USC §§1331 and 1343.

6. The acts and omissions made the basis of this suit occurred, and the Defendants reside in the McAllen Division of the Southern District of Texas. Venue in the McAllen Division of the Southern District of Texas is proper pursuant to 28 USC §1391(b).

### D. Relevant Facts

7. All Plaintiffs are former employees of the Hidalgo County Sheriffs Department.

8. All Plaintiffs openly and notoriously supported the Defendant Sheriffs opponent in the last general election to fill the Office of Sheriff in and for Hidalgo County, Texas. In the alternative, Plaintiffs were not openly and actively supporting Defendant Sheriff Guadalupe "Lupe" Treviño for re-election.

9. As alleged below, all Plaintiffs were terminated, discharged, or constructively discharged, from their employment by the Defendant Sheriff for failure to support the Sheriff's re-election campaign. All Plaintiffs were terminated or, alternatively, constructively discharged because of, and in retaliation for, their political support of, and association with, Defendant Sheriff's electoral opponent. In the alternative, Plaintiffs were terminated

because of, and in retaliation for, their failure to support the Defendant Treviño in the election.

10. Defendant Sheriff was acting under color of state law when he terminated each Plaintiff.

11. Defendant Hidalgo County has ratified Defendant Sheriff's act of political retaliation.

12. Plaintiff Ezequiel C. Jurado worked in the Sheriffs Department from August 20, 2000 until terminated on March 01, 2013. At the time of termination Ezequiel C. Jurado was working as a Patrol Deputy, and earning $42,000.00 per year.

13. Plaintiff Gerardo Vela worked in the Sheriffs Department from October 29, 2001 until terminated on July 23, 2012. At the time of termination Gerardo Vela was working as an Investigator, and earning $42,000.00 per year.

14. Plaintiff Gilberto Lopez worked in the Sheriffs Department until terminated.

15. Plaintiff Lino Rios worked in the Sheriffs Department from August 01, 1993 until terminated on July 15, 2012. At the time of termination Lino Rios was working as a Senior Detention Officer, and earning $37,500.00 per year.

16. Plaintiff Luis De La Garza worked in the Sheriffs Department from May 28, 2007 until terminated on June 04, 2012. At the time of termination Luis De La Garza was working as a Senior Detention Officer, and earning $35,500.00 per year.

17. Plaintiff Delfina Nelda Sanchez worked in the Sheriffs Department from February 2003 until terminated on June 2012 . At the time of termination Delfina Nelda Sanchez was working as an Administrative Assistant, and earning $11.54 per hour.

18. Plaintiff Saul Ramirez worked in the Sheriffs Department from December 08, 2003 until terminated on June 04, 2012. At the time of termination Saul Ramirez was working as a Senior Detention Officeer, and earning $36,000.00 per year.

19. Plaintiff Gilbert Flores worked in the Sheriffs Department from January 2008 until terminated on October 24, 2012.

20. As a result of Defendants' wrongful termination of each Plaintiffs' employment, each Plaintiff has suffered actual damage, including, but not limited to loss of wages, employment benefits, pension benefits and injury to earning capacity, past and future; physical pain, mental anguish and emotional distress, past and future.

### E. Legal Principles

21. Section 1983 of Title 42, United States Code provides in pertinent part that "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ..., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress".

22. Defendant Sheriff's action in terminating each Plaintiffs' employment because of that employee's support of the Defendant's electoral opponent, or because of the Plaintiffs' failure to support his candidacy, subjected each Plaintiff to deprivation of the employee's right of free speech and association and due process guaranteed by the First Amendment, Fifth Amendment and Fourteenth Amendment to the Constitution of the United States.

23. Each of the Plaintiffs has a property interest in their employment portion. Termination of Plaintiffs' employment without providing a hearing is in violation of the Fourteenth Amendment right to due process and equal protection under the law and Plaintiffs' rights under the Fifth and Fourteenth Amendment.

24. Defendants are jointly and severally liable.

25.    Plaintiffs have complied with all legal requisite precedents. Plaintiffs' administrative hearings before the Hidalgo County Civil Service Commission has been delayed so as to make the proceedings futile. Contemporaneous with the filing of this complaint, Plaintiffs have provided notices to Hidalgo County as required by §89.0041 Tex. Loc. Gov't Code.

### F. Remedies and Damages

26.    After notice and hearing, Plaintiffs seek entry of temporary injunctive orders reinstating them to their terminated employment, with restitution of back pay and benefits, including seniority retroactive to their individual dates of termination from employment as alleged in ¶¶12-19 hereinabove. Upon final hearing, Plaintiffs seek permanent injunctive orders protecting their reinstated employment from future acts of retaliation or other deprivation of rights guaranteed by law.

27.    Each Plaintiff sues to recover compensation for actual damages caused by Defendants' deprivation of their constitutional rights, including, but not limited to:

    a.    lost wages, employment benefits and pension benefits;

    b.    injury to earning capacity, past and future;

    c.    physical pain, mental anguish, and emotional distress, past and future;

    d.    medical expense, past and future;

    e.    attorneys' fees and litigation expenses as allowed under 42 USC §1988(b).

### G. Jury Demand

28.    Plaintiffs demand a trial by jury.

### H. Prayer

29.    Premises considered, Plaintiffs pray that Defendants be summoned to appear and answer herein, in the terms of the law; that after notice and hearing the court enter

temporary injunctive orders for reinstatement and restitution as herein alleged; and that upon final hearing Plaintiffs have judgment of and from Defendants for their damages and equitable remedies as alleged herein, and for such other and further relief as the Court may deem proper.

Respectfully submitted,

By: *[signature]*
JAMES P. GRISSOM
Texas Bar No. 08511900
1111 W. Nolana Avenue
McAllen, Texas 78504-3747
Tel. (956) 994-1127
Fax. (888) 400-6407