IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| EZEQUIEL C. JURADO, GERARDO VELA, GILBERTO LOPEZ, LINO RIOS, LUIS DE LA GARZA, DELFINA NELDA SANCHEZ, SAUL RAMIREZ, GILBERT FLORES AND MIGUEL FLORES <br><br> VS. <br><br> GUADALUPE "LUPE" TREVINO, SHERIFF OF HIDALGO COUNTY, TEXAS, AND HIDALGO COUNTY, TEXAS | § § § § § § § § § § § § § § | CIVIL ACTION NO. 7:13-CV-262 |

**JOINT DISCOVERY/CASE MANAGEMENT
PLAN UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE**

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   Discussions occurred on July 10, 2013 via telephone and email; James Grissom attended on behalf of Plaintiffs and Valorie Glass attended on behalf of Defendants.

2. List the cases related to this one that are pending in any state or federal court, with the case number and court.

   None known.

3. Briefly describe what this case is about.

   **Plaintiffs:** All Plaintiffs were terminated or, alternatively, constructively discharged because of, and in retaliation for, their political support of, and association with, Defendant Sheriff's electoral opponent. In the alternative, Plaintiffs were terminated because of, and in retaliation for, their failure to support the Defendant Treviño in the election.

   **Defendants**: Defendants deny the allegations in Plaintiffs' First Amended Complaint and further deny that Plaintiffs are entitled to the relief they seek.

4. Specify the allegation of federal jurisdiction.

   Jurisdiction is proper as Plaintiffs allege violations of due process and civil rights in violation of the United States Constitution and 42 U.S.C. §1983.

5.  Name the parties who disagree and the reasons.

    N/A.

6.  List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

    **Plaintiffs:** Plaintiffs will file an amended complaint to add additional parties prior to the Joint Pre-Trial Conference.

    **Defendants:** None known.

7.  List anticipated interventions.

    **Plaintiffs:** None known.

    **Defendants:** None known.

8.  Describe class-action issues.

    **Plaintiffs:** None.

    **Defendants:** None.

9.  State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

    **Plaintiffs:** Plaintiffs will make Initial Disclosures on or before 14 days following the Rule 26(f) telephonic conference.

    **Defendants:** Defendants will make Initial Disclosures on or before 14 days following the Rule 26(f) telephonic conference.

10. Describe the proposed agreed discovery plan, including:

    a.  Responses to all the matters raised in Rule 26(f).

    Rule 26(f)(1) -   See response to No. 9.

    Rule 26(f)(2) -   Plaintiffs will conduct discovery based upon claims made and defenses asserted in this lawsuit. Plaintiffs anticipate discovery shall be completed within 180 days after the pre-trial scheduling conference of August 7, 2013.

      Defendants will conduct discovery based upon claims made and defenses asserted in this lawsuit. Defendants anticipate discovery shall be completed within 180 days after the pre-trial scheduling conference of August 7, 2013.

    Rule 26(f)(3) -  No changes at this time, subject to arrangements of the parties.

    Rule 26(f)(4) -  None known at this time.

b. When and to whom the plaintiff anticipates it may send interrogatories.

  Plaintiffs will propound discovery to Defendants on or before August 7, 2013.

c. When and to whom the defendant anticipates it may send interrogatories.

  Defendants will propound discovery to Plaintiffs on or before August 1, 2013.

d. Of whom and by when the plaintiff anticipates taking oral depositions.

  Plaintiffs anticipate taking the deposition of all material fact witnesses and the Defendants' corporate representatives, and those persons identified by Defendants as having relevant knowledge of material facts on or before January 15, 2014.

e. Of whom and by when the defendant anticipates taking oral depositions.

  Defendants anticipate taking the deposition of the Plaintiffs and those persons identified by Plaintiffs as having relevant knowledge of material facts on or before December 15, 2013.

f. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

  **Plaintiffs:** On or before December 1, 2013.

  **Defendants:** On or before January 1, 2014.

    g.    List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

          Plaintiffs anticipate taking the depositions of Defendants' expert witnesses, if any, prior to the date set forth in No. 13.

    h.    List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

          Defendants anticipate taking the depositions of Plaintiffs' expert witnesses, if Plaintiffs designate any, prior to the date set forth in No. 13.

11.    If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

      N/A.

12.    Specify the discovery beyond initial disclosures that has been undertaken to date.

      **Plaintiffs:**   None.

      **Defendants:** None.

13.    State the date the planned discovery can reasonably be completed.

      February 1, 2014.

14.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

      After reasonable discovery, Plaintiffs and Defendants agree to submit this matter to non-binding mediation.

15.    Describe what each party has done or agreed to do to bring about a prompt resolution.

      After reasonable discovery, Plaintiffs and Defendants agree to submit this matter to non-binding mediation.

16.    From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

      After reasonable discovery, Plaintiffs and Defendants agree to submit this matter to non-binding mediation.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    **Plaintiffs:**  Plaintiffs consent to a trial before a magistrate judge.

    **Defendants:** Defendants do not consent to a trial before a magistrate judge.

18. State whether a jury demand has been made and if it was made on time.

    **Plaintiffs:**  Yes.

    **Defendants:** No.

19. Specify the number of hours it will take to present the evidence in this case.

    Plaintiffs will need 6 – 8 days to present their own case.

    Defendants will need 4 – 5 days to present their case. Given the absence of discovery, it is impossible for Defendants to specify the number of hours it will take to cross-examine Plaintiffs' witnesses.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    **Plaintiffs:**  None.

    **Defendants:** Motion to Dismiss Gilberto Lopez if this Plaintiff is not dismissed prior to the Scheduling Conference.

21. List other motions pending.

    **Plaintiffs:**  None.

    **Defendants:** None.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    None known.

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

    **Plaintiffs:**   Will be filed before July 31, 2013.

    **Defendants:**  Filed on June 14, 2013.

24. List the names, bar numbers, addresses and telephone numbers of all counsel.

    **Plaintiffs:**    James P. Grissom
    State Bar No. 08511900
    1111 W. Nolana Avenue
    McAllen, Texas  78504-3747
    Telephone:  (956) 994-1127
    Telecopier:   (888) 400-6407
    Email: jpglawyer01@gmail.com
    leticiaagough@yahoo.com

    **Defendants:**   Valorie Glass
    Federal I.D. No. 15303
    State Bar No. 00784135
    Rex N. Leach
    Federal I.D. No. 8244
    State Bar No. 12086300
    ATLAS, HALL & RODRIGUEZ, LLP
    P. O. Box 3725
    McAllen, Texas  78502
    Telephone: (956) 682-5501
    Telecopier:(956) 686-6109
    Email: vcglass@atlashall.com
    rleach@atlashall.com

    Respectfully submitted,

    By: /s/ James P. Grissom
    James P. Grissom
    State Bar No. 08511900
    1111 W. Nolana Avenue
    McAllen, Texas  78504-3747
    Telephone:   (956) 994-1127
    Telecopier:   (888) 400-6407
    **ATTORNEY IN CHARGE FOR PLAINTIFFS**

                Respectfully submitted,

                By:/s/Valorie C. Glass
                    Valorie C. Glass
                    State Bar No. 00784135
                    Federal I.D. No. 15303
                    818 Pecan (78501)
                    P. O. Box 3725
                    McAllen, Texas 78502
                    Tel:   (956) 682-5501
                    Fax:   (956) 686-6109
            **ATTORNEY IN CHARGE FOR DEFENDANTS**

Of Counsel:
Rex N. Leach
State Bar No. 12086300
Federal I.D. No. 8244
ATLAS, HALL & RODRIGUEZ, LLP
818 Pecan (78501)
P. O. Box 3725
McAllen, Texas 78502
Tel:   (956) 682-5501
Fax:   (956) 686-6109

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on the 15th day of June, 2013, a true and correct copy of the foregoing document was sent via electronic mail by the Clerk of the Court to the following counsel of record:

James P. Grissom
Attorney at Law
1111 W. Nolana Avenue
McAllen, Texas  78504-3747

                /s/ Valorie C. Glass
                Valorie C. Glass