IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| EZEQUIEL C. JURADO, GERARDO VELA, GILBERTO FLORES, LINO RIOS, LUIS DE LA GARZA, DELFINA NELDA SANCHEZ, SAUL RAMIREZ, GILBERT FLORES, MIGUEL FLORES, DEMENECIA VARGAS ORTEGA, DAVID ORTIZ AND DAVID GARZA <br><br> VS. <br><br> GUADALUPE "LUPE" TREVINO, SHERIFF OF HIDALGO COUNTY, TEXAS, AND HIDALGO COUNTY, TEXAS | § § § § § § § § § § § § § | CIVIL ACTION NO. 7:13-CV-262 |

**DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

GUADALUPE "LUPE" TREVINO, Sheriff of Hidalgo County and HIDALGO COUNTY, TEXAS, Defendants in the above-entitled and numbered cause, respond to Plaintiffs' Second Amended Original Complaint and would state as follows:

1. In response to paragraph 1 of Plaintiffs' Second Amended Original Complaint, Defendants admit that this is a case brought by Plaintiffs and that the plaintiffs' purport to assert a claim pursuant to 42 U.S.C. §1983, but Defendants deny that Plaintiffs' claims have any merit. Defendants further deny that Plaintiffs are entitled to the relief they seek.

2. In response to the allegations in paragraph 2, Defendants admit that Ezequiel Jurado, Gerardo Vela, Lino Rios, Luis De La Garza, Delfina N. Sanchez, Saul Ramirez, Gilbert Flores, Miguel Flores, Demencia Vargas Ortega, David Ortiz and David Garza are former employees of Hidalgo County. Defendants deny that Gilberto Lopez is or ever was an employee of Hidalgo County or that Gilberto Lopez worked for the Hidalgo County Sheriff's Office.

3.      Defendants admit the allegations in paragraph 3 of Plaintiffs' Second Amended Original Complaint.

4.      Defendants admit the allegations in paragraph 4 of Plaintiffs' Second Amended Original Complaint.

5.      In response to paragraph 5, it is admitted that this Court has proper jurisdiction.

6.      In response to paragraph 6, it is admitted that this Court is proper venue.

7.      Defendants admit that Ezequiel Jurado, Gerardo Vela, Lino Rios, Luis De La Garza, Delfina N. Sanchez, Saul Ramirez, Gilbert Flores, Miguel Flores, Demencia Vargas Ortega, David Ortiz and David Garza are former employees of Hidalgo County Sheriff's Office ("HCSO"). Defendants deny that Gilberto Lopez is or ever was an employee of Hidalgo County or that Gilberto Lopez worked for HCSO.

8.      In response to paragraph 8, Defendants are without sufficient information at this time to be able to admit or deny the allegations, by reason of which same are denied.

9.      Defendants deny all of the factual allegations in paragraph 9 of Plaintiffs' Second Amended Original Complaint.

10.     Paragraph 10 of Plaintiffs' Second Amended Original Complaint is a legal conclusion which is not subject to denial or admission.  Defendants further deny that Sheriff Trevino actually or constructively discharged each plaintiff.

11.     Defendants deny the factual allegations in paragraph 11 of Plaintiffs' Second Amended Original Complaint.

12.     In response to paragraph 12 of Plaintiffs' Second Amended Original Complaint, Defendants admit that Ezequiel Jurado was hired with HCSO as a Deputy Sheriff on 08-

21-00 and discharged from employment on 03-01-13. At the time of his discharge, Jurado was a Senior Deputy Sheriff IV, and paid $47,734/year.

13. In response to paragraph 13 of Plaintiffs' Second Amended Original Complaint, Defendants admit that Gerardo Vela was hired with the HCSO on 10-29-01 and was discharged on 07-23-12. At the time of his discharge, Vela was assigned as a Senior Deputy Sheriff II and paid $43,263/year.

14. In response to paragraph 14 of Plaintiffs' Second Amended Original Complaint, Defendants admit that Lino Rios was hired as a detention officer on 08-01-93 and was discharged on 07-10-12. At the time of his discharge, Rios was a Senior Detention Officer IV and was paid $37,137/year.

15. In response to paragraph 15, Defendants admit that Luis De La Garza was hired as a detention officer on 05-28-07. He voluntarily resigned his employment on 06-06-12. At the time of his voluntary resignation, De La Garza was a Senior Detention Officer Step One and was paid $33,495, plus longevity pay of $240.

16. In response to paragraph 16 of Plaintiffs' Second Amended Original Complaint, Defendants admit that Delfina Nelda Sanchez was hired on 02-24-03 as a Secretary II. Sanchez voluntarily resigned her employment on or about 06-08-12. At the time of her voluntary resignation, Sanchez was an Administrative Assistant I and paid $26,084, plus $480 longevity pay.

17. In response to paragraph 17, Defendants admit that Saul Ramirez was hired as a detention officer on 12-08-03 and voluntarily resigned his employment on 06-04-12. At the time of his resignation, Ramirez was a Senior Detention Officer III and paid $35,880/year, plus $480 in longevity pay.

18. In response to paragraph 18, Defendants admit Gilbert Flores was hired on 06-23-08 and resigned his employment in lieu of termination on 04-19-13.  At the time of his separation, Flores was a Deputy Sheriff Step One and was paid $38,000/year, plus $180 longevity pay.

19. In response to paragraph 19, Defendants admit Demencia Vargas Ortega was hired on 10-18-04 and resigned her employment in lieu of termination on 3-26-13.  At the time of her separation, Ortega was a Senior Detention Officer and was paid $36,480/year, plus $480 longevity pay.

20. In response to paragraph 20, Defendants admit David Ortiz was hired on 01-27-03 and was discharged on 12-16-11.  At the time of his separation, Ortiz was a Deputy Sheriff and was paid $41,800/year, plus $300 longevity pay.

21. In response to paragraph 21, Defendants admit David Garza was hired on 03-09-09 and was discharged on 06-29-12.  At the time of his separation, Garza was a Detention Officer and was paid $30,450/year.

22. Defendants deny the factual allegations in paragraph 22 of Plaintiffs' Second Amended Original Complaint.  Defendants further deny that Plaintiffs are entitled to the relief they seek.

23. Paragraph 23 contains no factual allegations and, therefore need not be either admitted or denied, but Defendants would state that Plaintiffs are not entitled to the relief they seek.

24. Defendants deny the factual allegations in paragraph 24 of Plaintiffs' Second Amended Original Complaint.

25.     Paragraph 25 states legal conclusions which are not subject to denial or admission, but Defendants deny that any of the Plaintiffs who were involuntarily discharged were denied the opportunity to file a grievance and/or the opportunity to be heard by the Hidalgo County Civil Service Commission.

26.     Paragraph 26 states a legal conclusion which is not subject to denial or admission.

27.     Defendants are without sufficient information at this time to be able to admit or deny the factual allegations in paragraph 27, by reason of which same are denied.

28.     Paragraph 28 contains no factual allegations and, therefore need not be either admitted or denied, but Defendants would state that Plaintiffs are not entitled to the relief they seek.

29.     Paragraph 29 contains no factual allegations and, therefore need not be either admitted or denied, but Defendants would state that Plaintiffs are not entitled to the relief they seek.

30.     Defendants deny the factual allegations in the first sentence of paragraph 30. Defendants are without sufficient information at this time to admit or deny the remaining factual allegations of paragraph 30, but reason of which same are denied.

31.     Defendants are without sufficient information at this time to admit or deny the factual allegations in the first two sentences of paragraph 31, by reason of which same are denied. Defendants deny the factual allegations in the remaining two sentences in paragraph 31.

32.     Defendants deny all factual allegations in paragraph 32 of Plaintiffs' Second Amended Original Complaint. Defendants would further add that Plaintiff's claims are

barred by Civil Practices and Remedies Code §§101.025 and 101.021 of the Texas Tort Claims Act and Plaintiff is not entitled to the relief he seeks.

33. Defendants deny all factual allegations in paragraph 33 of Plaintiffs' Second Amended Original Complaint. Defendants would further add that Plaintiffs' claims are barred by Civil Practices and Remedies Code §§101.025 and 101.021 of the Texas Tort Claims Act and Plaintiff is not entitled to the relief he seeks.

34. Defendants deny the factual allegations in paragraph 34 of Plaintiffs' Second Amended Original Complaint. Defendant further state that Plaintiff is not entitled to the relief he seeks.

35. Paragraph 35 contains no factual allegations, and therefore need not be either admitted or denied, but Defendants would state that Plaintiff is not entitled to the relief he seeks.

33. [sic] Defendants deny the factual allegations contained in the second-numbered paragraph 33. The legal conclusions contained in the second-numbered paragraph 33 need not be either admitted or denied, but Defendants would state that Plaintiff is not entitled to the relief he seeks. Defendants further deny that Plaintiffs are entitled to seek recovery from Defendants under Section 21.2585 of the Texas Labor Code. Section 21.2585(b) specifically provides that a complainant may not recover punitive damages against a governmental entity.

34. [sic] The second-numbered paragraph 34 does not contain any factual allegations and, therefore need not be either admitted or denied, but Defendants would state that Plaintiff is not entitled to the relief he seeks.

28. [sic] The second-numbered paragraph 28 contains no factual allegations and, therefore, need not be either admitted or denied.

29. [sic] The Prayer contains no factual allegations and, therefore, need not be either admitted or denied, but Defendants would state that Plaintiffs are not entitled to the relief they seek.

## AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendants would further affirmatively plead as follows:

1. For further answer, as such be necessary, Defendants would show that Plaintiffs' Second Amended Complaint fails to state a claim upon which relief may be granted.

2. Defendants would show that the claims of the Plaintiffs, which are not admitted but are denied, are barred in whole or in part, and by a common law and/or statutory privilege, and that Defendants' actions are absolutely, conditionally, qualified, quasi and/or otherwise privileged as a matter of law.

3. Defendants would show that any conduct complained of by Plaintiffs, insofar as such conduct may have occurred at all, was job-related and consistent with business necessity and made in good faith, with proper motive and without malice.

4. The claims of Luis de la Garza, Delfina Nelda Sanchez, Saul Ramirez, Gilbert Flores and Miguel Flores must fail because they were never actually or constructively discharged by Defendants. Any claims of Gilberto Lopez must fail because he was never employed by Hidalgo County in any capacity.

5. Defendants deny that Plaintiffs have suffered any damages. Alternatively, Defendants assert that any damages claimed by Plaintiffs must: (a) be below any

applicable statutory damage caps; (b) be adjusted to reflect any failure on the part of Plaintiffs to mitigate their damages; (c) terminate upon Plaintiffs finding of alternative employment at an equal or higher rate of pay than Plaintiffs were earning; and (d) be adjusted to reflect interim earnings, workers' compensation benefits and unemployment compensation.

6. Defendants would show that in the event Plaintiffs are entitled to recover damages for loss of wages, which Defendants deny, such damages should be reduced because Plaintiffs have failed to mitigate their damages.  Defendants are entitled to an offset for all amounts which Plaintiffs earned or reasonably should have earned or otherwise received, including wages, severance benefits and unemployment wages paid by or on behalf of Defendants, following their employment with Defendants.

7. Defendants would show that insofar as Plaintiffs are entitled to any damages, which Defendants deny, such damages are limited by the Texas Labor Code, Tex. Civ. Prac. & Rem. Code and the Texas Government and Local Government Codes.

8. Defendants would show Plaintiffs are not entitled to an award of punitive damages against a governmental entity.  In the event that the court or jury determines that Plaintiffs are entitled to an award of punitive damages, any such award under Texas law must be in accordance with Tex. Labor Code 21.2585, Tex. Civ. Prac. & Rem. Code and the Texas Government and Local Government Codes.

9. Defendants would show that Plaintiffs have not presented any evidence that any allegedly protected conduct was a factor in the employment decisions of their termination or that the proffered reasons were pretext for discrimination.

10. Defendants would show that Plaintiffs' claims may be barred by the any applicable statutes of limitations.

11. Pleading further in the alternative, Plaintiffs' claims for damages are capped or limited as set forth in Section 101.023 of the Texas Tort Claims Act. Defendants affirmatively assert this cap.

12. Pleading further in the alternative, any suit against Guadalupe "Lupe" Trevino in his official capacity as Sheriff is the same as suit against Hidalgo County. Therefore, all claims against Sheriff Trevino in his official capacity should be dismissed as they are duplicative of the claims against Hidalgo County.

13. Pleading further in the alternative, Defendants are entitled to sovereign immunity on all claims asserted by Plaintiffs or, in the alternative, qualified immunity to those charges.

14. Pleading further in the alternative, Plaintiffs' tort claims, including but not limited to negligent hiring, supervision, training and retention are barred by §§101.025 and 101.021 of the Civil Practice and Remedies Code - Texas Tort Claims Act.

15. Defendants assert the affirmative defenses and protections of governmental, sovereign and/or official immunity from any and all claims and causes of action asserted by the Plaintiffs to the fullest extent allowed by the law and available to a political subdivision and/or elected official.

16. Defendants plead that Plaintiffs' claims may be barred for failure to exhaust all applicable administrative remedies and prerequisites to suit.

17. Defendants plead further that Plaintiffs' claims may be barred by the after-acquired evidence doctrine.

18. Defendants reserve the right to assert any applicable defenses pertaining to Plaintiffs' claims once discovery is conducted.

## AFFIRMATIVE RELIEF

19. Defendants may seek reasonable attorney's fees, expert fees and costs as the prevailing parties.

        Respectfully submitted,

        By: /s/ Valorie C. Glass
            Valorie C. Glass
            State Bar No. 00784135
            Federal I.D. No. 15303
            818 W. Pecan Blvd. (78501)
            P. O. Box 3725
            McAllen, Texas 78502
            Tel:   (956) 682-5501
            Fax:   (956) 686-6109
        **ATTORNEY IN CHARGE FOR DEFENDANTS**

Of Counsel:
Rex N. Leach
State Bar No. 12086300
Federal I.D. No. 8244
ATLAS, HALL & RODRIGUEZ, LLP
818 W. Pecan Blvd. (78501)
P. O. Box 3725
McAllen, Texas 78502
Tel:   (956) 682-5501
Fax:   (956) 686-6109

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on the 13th day of September, 2013, a true and correct copy of the foregoing document was sent via electronic mail by the Clerk of the Court to the following counsel of record:

James P. Grissom
Attorney at Law
1111 W. Nolana Avenue
McAllen, Texas  78504-3747

                                              /s/ Valorie C. Glass
                                              Valorie C. Glass