UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| EZEQUIEL C. JURADO, GERARDO VELA, GILBERTO FLORES, LINO RIOS, LUIS DE LA GARZA, DELFINA NELDA SANCHEZ, SAUL RAMIREZ, GILBERT FLORES, MIGUEL FLORES, DEMENECIA VARGAS ORTEGA, DAVID ORTIZ, DAVID GARZA, REGINALD JACKSON, HERMELINDA GARCIA and ADRIAN RODRIGUEZ **Plaintiffs,** | § § § § § § § § § | |
| **V.** | § § § | CIVIL ACTION NO. 13-262 |
| GUADALUPE "LUPE" TREVIÑO, SHERIFF OF HIDALGO COUNTY, TEXAS, AND HIDALGO COUNTY, TEXAS **Defendants.** | § § § § § | JURY DEMANDED |

**PLAINTIFFS' THIRD AMENDED ORIGINAL COMPLAINT AND JURY DEMAND**

**TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:**

Plaintiffs file their Third Amended Original complaint and jury demand.

**A. INTRODUCTION**

1.     This is a suit filed pursuant to the provisions of 42 USC §1983 to recover damages and equitable relief in vindication of Plaintiffs' rights of free speech and association  and due process guaranteed by the First Amendment, the Fifth Amendment, and the Fourteenth Amendment to the Constitution of the United States, and pursuant to the provisions of  42 USC §1988 to recover attorneys' fees.

**B. PARTIES**

2.     Plaintiffs, EZEQUIEL C. JURADO, GERARDO VELA, GILBERTO LOPEZ, LINO RIOS, LUIS DE LA GARZA, DELFINA NELDA SANCHEZ, SAUL RAMIREZ, GILBERT

FLORES, MIGUEL FLORES, DEMENECIA VARGAS ORTEGA, DAVID ORTIZ, DAVID GARZA, REGINALD JACKSON, HERMELINDA GARCIA and ADRIAN RODRIGUEZ are former employees of Defendant, Hidalgo County, Texas, and worked in the Sheriffs Department of Hidalgo County, Texas.

3.      Defendant GUADALUPE "LUPE" TREVIÑO is the Sheriff of Hidalgo County, Texas, has appeared and answered in this case; and he can be served with a copy of this amended pleading through his attorneys of record according to the Certificate of Service at the conclusion of this document.

4.      Defendant HIDALGO COUNTY, TEXAS is a local governmental entity, and can be served with a copy of this amended pleading throughits attorneys of record according to the Certificate of Service at the conclusion of this document

## C. JURISDICTION AND VENUE

5.      This court has jurisdiction of Plaintiffs' claims pursuant to the provisions of 28 USC §§1331 and 1343.

6.      The acts and omissions made the basis of this suit occurred, and the Defendants reside in the McAllen Division of the Southern District of Texas. Venue in the McAllen Division of the Southern District of Texas is proper pursuant to 28 USC §1391(b).

## D. RELEVANT FACTS

7.      All Plaintiffs are former employees of the Hidalgo County Sheriffs Department.

8.      All Plaintiffs openly and notoriously supported the Defendant Sheriffs opponent in the last general election to fill the Office of Sheriff in and for Hidalgo County, Texas. In the alternative, Plaintiffs were not openly and actively supporting Defendant Sheriff Guadalupe "Lupe" Treviño for re-election.

9.      As alleged below, all Plaintiffs were terminated, discharged, or constructively discharged, from their employment by the Defendant Sheriff for failure to support the

Sheriff's re-election campaign. All Plaintiffs were terminated or, alternatively, constructively discharged because of, and in retaliation for, their political support of, and association with, Defendant Sheriff's electoral opponent. In the alternative, Plaintiffs were terminated because of, and in retaliation for, their failure to support the Defendant Treviño in the election.

10.    Defendant Sheriff was acting under color of state law when he terminated each Plaintiff.

11.    Defendant Hidalgo County has ratified Defendant Sheriff's act of political retaliation.

12.    Plaintiff Ezequiel C. Jurado worked in the Sheriffs Department from August 20, 2000 until terminated on March 01, 2013. At the time of termination Ezequiel C. Jurado was working as a Patrol Deputy, and earning $42,000.00 per year.

13.    Plaintiff Gerardo Vela worked in the Sheriffs Department from October 29, 2001 until terminated on July 23, 2012. At the time of termination Gerardo Vela was working as an Investigator, and earning $42,000.00 per year.

14.    Plaintiff Lino Rios worked in the Sheriffs Department from August 01, 1993 until terminated on July 15, 2012. At the time of termination Lino Rios was working as a Senior Detention Officer, and earning $37,500.00 per year.

15.    Plaintiff Luis De La Garza worked in the Sheriffs Department from May 28, 2007 until terminated on June 04, 2012. At the time of termination Luis De La Garza was working as a Senior Detention Officer, and earning $35,500.00 per year.

16.    Plaintiff Delfina Nelda Sanchez worked in the Sheriffs Department from February 2003 until terminated on June 2012 . At the time of termination Delfina Nelda Sanchez was working as an Administrative Assistant, and earning $11.54 per hour.

17.    Plaintiff Saul Ramirez worked in the Sheriffs Department from December 08, 2003

until terminated on June 04, 2012. At the time of termination Saul Ramirez was working as a Senior Detention Officer, and earning $36,000.00 per year.

18.    Plaintiff Gilbert Flores worked in the Sheriffs Department from January 2008 until terminated on October 24, 2012.

19.    Plaintiff Demencia Vargas Ortega worked in the Sheriffs Department from February 21, 2003 until terminated on March 25, 2013. At the time of termination, Demencia Vargas Ortega was working as a Senior Detention Officer, and earning $41,000.00 per year.

20.    Plaintiff David Ortiz worked in the Sheriffs Department from January 27, 2003 until terminated on December 16, 2011. At the time of termination, David Ortiz was working as a Sr. Deputy Sheriff, and earning $41,000.00 per year.

21.    Plaintiff David Garza worked in the Sheriffs Department from March 2009 until terminated on June 29, 2012. At the time of termination, David Garza was working as a Detention Officer, and earning $31,000.00 per year.

22.    Plaintiff Reginald Jackson worked in the Sheriff's Department from December 12, 2003 through 2012.

23.    Plaintiff Hermelinda Garcia worked in the Sheriff's Department from April 2005 through December 31, 2011. At the time of her termination of employment, Hermelinda Garcia was working as a Senior Deputy earning $38,000.00 per year.

24.    Plaintiff Adrian Rodriguez worked in the Sheriff's Department from November 2004 through September 5, 2012. At the time of his termination of employment, Adrian Rodriguez was working as a Detention Officer earning approximately $36,000.00 per year.

22.    As a result of Defendants' wrongful termination of each Plaintiffs' employment, each Plaintiff has suffered actual damage, including, but not limited to loss of wages, employment benefits, pension benefits and injury to earning capacity, past and future; physical pain, mental anguish and emotional distress, past and future.

**PLAINTIFFS' THIRD  AMENDED  ORIGINAL COMPLAINT AND JURY DEMAND**          page 4

## E. LEGAL PRINCIPLES

23.     Section 1983 of Title 42, United States Code provides in pertinent part that "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ..., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress".

24.     Defendant Sheriff's action in terminating each Plaintiffs' employment because of that employee's support of the Defendant's electoral opponent, or because of the Plaintiffs' failure to support his candidacy, subjected each Plaintiff to deprivation of the employee's right of free speech and association and due process guaranteed by the First Amendment, Fifth Amendment and Fourteenth Amendment to the Constitution of the United States.

25.     Each of the Plaintiffs has a property interest in their employment portion. Termination of Plaintiffs' employment without providing a hearing is in violation of the Fourteenth Amendment right to due process and equal protection under the law and Plaintiffs' rights under the Fifth and Fourteenth Amendment.

26.     Defendants are jointly and severally liable.

27.     Defendant County of Hidalgo and Defendant Guadalupe Treviño, in his official capacity, are also liable under Section 1983 because decisions concerning each Plaintiffs' termination were made by an official of Hidalgo County delegated with policy-making authority.

28.     Plaintiffs have complied with all legal requisite precedents. Plaintiffs' administrative hearings before the Hidalgo County Civil Service Commission have been delayed so as to make the proceedings futile. Contemporaneous with the filing of this complaint, Plaintiffs have provided notices to Hidalgo County as required by §89.0041 Tex. Loc. Gov't Code.

**F. REMEDIES AND DAMAGES**

29.     After notice and hearing, Plaintiffs seek entry of temporary injunctive orders reinstating them to their terminated employment, with restitution of back pay and benefits, including seniority retroactive to their individual dates of termination from employment as alleged hereinabove. Upon final hearing, Plaintiffs seek permanent injunctive orders protecting their reinstated employment from future acts of retaliation or other deprivation of rights guaranteed by law.

30.     Each Plaintiff sues to recover compensation for actual damages caused by Defendants' deprivation of their constitutional rights, including, but not limited to:

    a.     lost wages, employment benefits and pension benefits;

    b.     injury to earning capacity, past and future;

    c.     physical pain, mental anguish, and emotional distress, past and future;

    d.     medical expense, past and future;

    e.     attorneys' fees and litigation expenses as allowed under 42 USC §1988(b).

**G. WHISTLEBLOWER CLAIMS OF MIGUEL FLORES**

31.     Plaintiff MIGUEL FLORES alleges that HIDALGO COUNTY SHERIFF'S OFFICE, effected Plaintiff's employment for refusing to commit an illegal act under Texas, federal or municipal law. e.g. Plaintiff participated with the FBI to uncover corruption in the Hidalgo County Sheriff's Office. Plaintiff was wearing a hidden recording device and was asked by the Sheriff's most trusted and closest subordinates to participate in illegal drug trafficking activities.

32.     Plaintiff MIGUEL FLORES reasonably and in good faith believed that such an act was illegal.  Plaintiff refused to engage in such practice and informed Defendant that he

would not engage in the conduct.  As a proximate result of Plaintiff's refusal to commit what Plaintiff believed to be an illegal act, Plaintiff's employment was effected.  Plaintiff suffered damages for which Plaintiff herein sues.

## H. NEGLIGENT HIRING, SUPERVISION, TRAINING AND RETENTION BY HIDALGO COUNTY SHERIFF'S OFFICE

33.    Plaintiff MIGUEL FLORES alleges that the conduct of HIDALGO COUNTY SHERIFF'S OFFICE, constituted negligent hiring, supervision, training and retention. Plaintiff alleges that HIDALGO COUNTY SHERIFF'S OFFICE, did not properly screen, evaluate, investigate, or take any reasonable steps to determine whether those deputy personnel who solicited Plaintiff for participation in illegal drug trafficking were unfit, incompetent, or a danger to third parties.  HIDALGO COUNTY SHERIFF'S OFFICE, knew or should have known that those deputy personnel who solicited Plaintiff for participation in illegal drug were unfit and could foresee that those deputy personnel who solicited Plaintiff for participation in illegal drug trafficking would come in contact with Plaintiff, creating a risk of danger to Plaintiff.  HIDALGO COUNTY SHERIFF'S OFFICE's failure to exercise reasonable care in the hiring, supervision, training and retention of those deputy personnel who solicited Plaintiff for participation in illegal drug was the proximate cause of damages to Plaintiff for which Plaintiff hereby sues.

## I. NEGLIGENT HIRING, SUPERVISION, TRAINING AND RETENTION BY HIDALGO COUNTY

34.    Plaintiff MIGUEL FLORES alleges that the conduct of Defendant HIDALGO COUNTY, constituted negligent hiring, supervision, training and retention.  Plaintiff alleges that Defendant HIDALGO COUNTY, did not properly screen, evaluate, investigate, or take

any reasonable steps to determine whether those deputy personnel who solicited Plaintiff for participation in illegal drug was unfit, incompetent, or a danger to third parties. Defendant HIDALGO COUNTY, knew or should have known that those deputy personnel who solicited Plaintiff for participation in illegal drug was unfit and could foresee that those deputy personnel who solicited Plaintiff for participation in illegal drug would come in contact with Plaintiff, creating a risk of danger to Plaintiff. Defendant HIDALGO COUNTY's failure to exercise reasonable care in the hiring, supervision, training and retention of those deputy personnel who solicited Plaintiff for participation in illegal drug was the proximate cause of damages to Plaintiff for which Plaintiff hereby sues.

## J. RETALIATION BY HIDALGO COUNTY SHERIFF'S OFFICE

35.    Plaintiff MIGUEL FLORES alleges that HIDALGO COUNTY SHERIFF'S OFFICE, instituted a campaign of retaliation which included demoting Plaintiff from Narcotics Investigator to Patrol Deputy. This retaliation was and is due to Plaintiff exercising his rights by testifying, assisting, or participating in an investigation or proceeding regarding an unlawful discriminatory practice. Plaintiff suffered damages for which Plaintiff herein sues.

## K. DAMAGES

36.    Plaintiff MIGUEL FLORES sustained the following damages as a result of the actions and/or omissions of Defendants described hereinabove:

> a.    All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just as provided by the Texas Labor Code section 21.259. All conditions precedent have been performed or have occurred;

c.      Back pay from the date that Plaintiff was denied equal pay for equal work and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just as provided by the Texas Labor Code section 21.258;

d.      All reasonable and necessary costs incurred in pursuit of this suit;

e.      Emotional pain;

f.      Expert fees as the Court deems appropriate;

g.      Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

h.      Inconvenience;

i.      Pre and Post judgment interest;

j.      Loss of enjoyment of life;

k.      Mental anguish in the past;

l.      Mental anguish in the future;

m.      Loss of benefits; and

n.      Injury to reputation

.                              **L. EXEMPLARY DAMAGES**

37.    Plaintiff MIGUEL FLORES would further show that the acts and omissions of Defendants complained of herein were committed with malice or reckless indifference to the state-protected rights of the Plaintiff.  In order to punish said Defendants for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendants for exemplary damages as provided by Section 21.2585 of the Texas Labor Code.

## M. SPECIFIC RELIEF

38.    Plaintiff MIGUEL FLORES seeks the following specific relief which arises out of the

actions and/or omissions of Defendants described hereinabove:

      a.      Prohibit by injunction the Defendants from engaging in unlawful

            employment practices as defined in the Texas Labor Code;

      b.      Reinstate Plaintiff to the position and pay grade which Plaintiff held but

            for the unlawful employment actions of Defendants; and

      c.      Reinstate all benefits to which Plaintiff was entitled but for the unlawful

            employment actions of Defendants.

## G. JURY DEMAND

39.    Plaintiffs demand a trial by jury.

## H. PRAYER

40.    Premises considered, Plaintiffs pray that Defendants be summoned to appear and

answer herein, in the terms of the law; that after notice and hearing the court enter

temporary injunctive orders for reinstatement and restitution as herein alleged; and that

upon final hearing Plaintiffs have judgment of and from Defendants for their damages and

equitable remedies as alleged herein, and for such other and further relief as the Court may

deem proper.

      Plaintiff, MIGUEL FLORES, respectfully prays that the Defendants be cited to appear

and answer herein, and that upon a final hearing of the cause, judgment be entered for the

Plaintiff against Defendants, jointly and severally, for damages in an amount within the

jurisdictional limits of the Court; exemplary damages, as addressed to each Defendant,

excluding interest, and as allowed by Section 21.2585 of the Texas Labor Code, together

with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at

the legal rate, costs of court; and such other and further relief to which the Plaintiff may be

entitled at law or in equity.

Respectfully submitted,

By:
JAMES P. GRISSOM
Federal ID No. 11417
Texas Bar No. 08511900
1111 W. Nolana Avenue
McAllen, Texas  78504-3747
Tel.  (956) 994-1127
Fax. (888) 400-6407

## CERTIFICATE OF CONFERENCE

An attempt at conference was held on November 12, 2013 with VALORIE C. GLASS, attorney for GUADALUPE "LUPE" TREVIÑO, SHERIFF OF HIDALGO COUNTY, TEXAS and HIDALGO COUNTY, TEXAS, on the substance of this Motion; and shedid not respond and it is assumed she is opposed to the filing and substance of this motion, therefore, the matter is presented to the Court for determination.

JAMES P. GRISSOM
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that a copy of this pleading was served upon opposing counsel via the USDC - ECF system according to the Fed. R. Civ. P. and the Local Rules, and the service was reported as complete.

JAMES P. GRISSOM
Attorney for Plaintiffs

**PLAINTIFFS' THIRD  AMENDED  ORIGINAL COMPLAINT AND JURY DEMAND**          page 11