IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| EZEQUIEL C. JURADO, ET AL § § | |
| VS. § § § | CIVIL ACTION NO. 7:13-CV-262 |
| GUADALUPE "LUPE" TREVINO, SHERIFF OF HIDALGO COUNTY, TEXAS, AND HIDALGO COUNTY, TEXAS § § § | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION FOR LEAVE TO FILE PLAINTIFFS' THIRD AMENDED COMPLAINT**

TO THE HONORABLE U.S. DISTRICT JUDGE:

GUADALUPE "LUPE" TREVINO, Sheriff of Hidalgo County and HIDALGO COUNTY, TEXAS, Defendants in the above-entitled and numbered cause, file this Response to Plaintiffs' Motion for Leave to File Plaintiffs' Third Amended Complaint and would respectfully show the Court as follows:

1. Plaintiffs filed their Motion to Leave to File Plaintiffs' Third Amended Complaint Original Complaint on November 12, 2013. [Dkt. 15]  However, Plaintiffs did not attach a copy of their proposed Third Amended Complaint as required by FRCP 15.  Without the proposed Third Amended Complaint, Defendants cannot truly evaluate Plaintiffs' proposed amendments, other than what is identified as the two reasons in Plaintiffs' Motion for Leave.

2. The first reason Plaintiffs' provide for amending their pleading is to address the deficiency for failure to name Sheriff Guadalupe Trevino in his individual capacity.  Plaintiffs wholly fail to specify the facts which would support this amendment.  Defendants would show that any amendment to Plaintiffs' pleading in this regard would be futile as outlined in Defendants' Motion to Dismiss [Dkt. 13], which is currently pending before this Court.

3. The second reason provided by Plaintiffs to amend their pleading is to add additional Plaintiffs. At the Initial Pretrial and Scheduling Conference held on August 7, 2013, the Court granted Plaintiffs' request to amend their pleadings and provided them a deadline of September 10, 2013.

4. While Defendants agree that leave to amend is usually freely given, it is not automatic and the Court must consider the factors outlined in *Foman v. Davis*, 83 S.Ct. 227 (1962). Specifically, this Court should deny Plaintiffs' motion for leave because of the futility of the pleadings. Additionally, this Court should take into consideration Plaintiffs' delay in filing such motion.

5. Courts will not grant a motion for leave when the proposed amendment/pleading is legally insufficient and it would be futile to grant the leave. The pleading is futile if it fails to state a legal theory or could not withstand a motion to dismiss. MOORE'S FEDERAL PRACTICE 3D §15.15[3] (citing cases).[1] Various reasons cited by MOORE'S where courts have denied leave include: pleading could not withstand a motion to dismiss for failure to state a claim, plaintiff unable to allege facts to support the complaint, the claims are frivolous and no additional facts would cure the deficiency, plaintiff was unable to plead with particularity all of the specific elements necessary to support the claim and new pleading was a reassertion of a claim cut off by an intervening court ruling.[2] In determining whether to grant a motion for leave, this Court

---

[1] *Winget v. J.P. Morgan Chase Bank, N.A.*, 537 F.3d 565, 573 (6th Cir. 2008)(district court did not abuse discretion by not granting leave to amend when amendment was futile because claims were either premature or barred by *res judicata*); *Rodgers v. Lincoln Towing Serv. Inc.*, 771 F.2d 194, 204 (7th Cir. 1985)(motion for leave should be denied if new pleading fails to allege facts to support valid theory of liability or fails to have substantial merit); *Bradley v. Val-Mejias*, 379 F.3d 892, 900-901 (10th Cir. 2004)(leave to amend was properly denied when amendment would have been futile because added claims were time-barred).

[2] *Id.* at p. 15-57 (citing cases).

Defendants' Response to Plaintiff's Motion for Leave - Page 2

should consider whether the proposed pleadings allege facts sufficient to withstand summary dismissal. They cannot and Plaintiffs' motion for leave should be denied.

### UNDUE DELAY AND FUTILITY COMPEL DENIAL OF PLAINTIFFS' MOTION

6. The U.S. Supreme Court has outlined the factors a district judge may use to deny leave to amend.[3] These factors include: undue delay, bad faith or dilatory motive on the part of the movant or futility of the amendment.[4] Another factor occasionally considered by a court is whether a party previously amended or had the opportunity to amend the pleading.[5]

7. Several of the *Foman* factors compel the denial of Plaintiffs' motion for leave to amend. Not only have Plaintiffs had a prior opportunity to amend (see Minute Entry of August 7, 2013 attached hereto as Exhibit "A"). However, the most significant factor compelling the denial of Plaintiffs' motion for leave is the legal insufficiency of the proposed amended claim. As set forth in paragraph 5 above, the Plaintiffs are unable to allege facts sufficient to support the complaint. Plaintiffs could not cure the defect with amendment because the claim had no basis in law and the amendment would be futile because it would not withstand a summary judgment motion. (See MOORE'S FEDERAL PRACTICE 3D §15.15[3](citing cases at 15-57 through 15-61.)

WHEREFORE PREMISES CONSIDERED, Defendants GUADALUPE "LUPE" TREVINO, Sheriff of Hidalgo County and HIDALGO COUNTY, TEXAS pray that

---

[3] *Foman v. Davis*, 83 S.Ct. 227 (1962).

[4] *Leffall v. Dallas ISD*, 28 F.3d 521, 524 (5th Cir. 1994)(valid reasons for denial are untimeliness and futility); *Fuchs v. Lifetime Doors, Inc.*, 939 F.2d 1275, 1279 (5th Cir. 1991)(reasons for denying leave included delay and prejudice).

[5] *Lozano v. Ocwen Fed. Bank*, 489 F.3d 636, 644 (5th Cir. 2007)(while leave to amend should be freely granted, court may consider that moving party failed to take advantage of earlier opportunity to amend).

Plaintiffs' Motion for Leave to File Plaintiffs' Third Amended Complaint be denied, and for such other and further relief to which Defendants may be entitled.

Respectfully submitted,

By: /s/ Valorie C. Glass
Valorie C. Glass
State Bar No. 00784135
Federal I.D. No. 15303
818 W. Pecan Blvd. (78501)
P. O. Box 3725
McAllen, Texas 78502
Tel:  (956) 682-5501
Fax:  (956) 686-6109
**ATTORNEY IN CHARGE FOR DEFENDANTS**

Of Counsel:
Rex N. Leach
State Bar No. 12086300
Federal I.D. No. 8244
ATLAS, HALL & RODRIGUEZ, LLP
818 W. Pecan Blvd. (78501)
P. O. Box 3725
McAllen, Texas 78502
Tel:  (956) 682-5501
Fax:  (956) 686-6109

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 15th day of November, 2013, a true and correct copy of the foregoing document was sent via electronic mail by the Clerk of the Court to the following counsel of record:

James P. Grissom
Attorney at Law
1111 W. Nolana Avenue
McAllen, Texas  78504-3747

/s/ Valorie C. Glass
Valorie C. Glass

| From: | DCECF_LiveDB@txs.uscourts.gov |
|---|---|
| Sent: | Tuesday, August 20, 2013 11:01 AM |
| To: | DC_Notices@txs.uscourts.gov |
| Subject: | Activity in Case 7:13-cv-00262 Jurado et al v. Hidalgo County et al Pretrial Conference |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

U.S. District Court

SOUTHERN DISTRICT OF TEXAS

## Notice of Electronic Filing

The following transaction was entered on 8/20/2013 at 11:00 AM CDT and filed on 8/7/2013
**Case Name:**      Jurado et al v. Hidalgo County et al
**Case Number:**    7:13-cv-00262
**Filer:**
**Document Number:** No document attached

Docket Text:
**Minute Entry for proceedings held before Chief Judge Ricardo H. Hinojosa. Case called on the docket for INITIAL PRETRIAL AND SCHEDULING CONFERENCE on 8/7/2013. All parties present. Court notes there are no pending motions. Court inquires as to why parties are requesting until February 2014 for discovery. Discussions held. Court announced a DCO for 6 months will be issued. Mr. Grissom then informs the Court that he will be amending his petition to add five more Plaintiffs. Mr. Grissom requests for 15 days to do so; deadline to file 9/10/2013. Appearances: James Patrick Grissom, Valorie Glass, Rex N Leach.(ERO:Tony Tijerina (3:14-3:17), filed.(nvaldez, )**

7:13-cv-00262 Notice has been electronically mailed to:

James Patrick Grissom    jpglawyer01@gmail.com, leticiaagough@yahoo.com

Rex N Leach    rleach@atlashall.com, jbarboza@atlashall.com

Valorie Glass    vcglass@atlashall.com, michvas@atlashall.com

7:13-cv-00262 Notice has not been electronically mailed to:



1